UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOWARD COHAN,

    Plaintiff,                                              Case No. 8:15-cv-2174-T-27TBM

vs.

ARVILLA MOTEL, INC., a Florida Profit Corporation,
d/b/a ARVILLA MOTEL,

    Defendant.
_____/

## ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

COMES NOW, Defendant, ARVILLA MOTEL, INC. d/b/a ARVILLA MOTEL ("ARVILLA MOTEL"), by and through the undersigned counsel, pursuant to Federal Rules of Civil Procedure 8(b), and hereby files this Answer, Affirmative Defenses, and Demand for Jury Trial as follows:

## ANSWER

1. Admitted.

2. Admitted.

3. Without knowledge.

4. Admitted that Defendant is the owner and operator of the Real Property; the remaining allegations are Denied.

5. Admitted.

6. Without knowledge regarding Plaintiff's health status, the remaining allegations are Denied.

7. Denied.

8. Without knowledge if Plaintiff is a "tester;" the remaining allegations are Denied.

**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

9. The ARVIALLA MOTEL adopts and re-alleges the allegations stated in paragraphs 1 through 8 above as if fully stated herein.

10. Admitted that the Americans With Disabilities Act ("The Act") exists, however, The Act speaks for itself, therefore, any allegations contained in this paragraph which deviate from the actual language of the Act or the actual language of Congress are Denied.

11. Admitted that the Americans With Disabilities Act ("The Act") exists, however, The Act speaks for itself, therefore, any allegations contained in this paragraph which deviate from the actual language of the Act or the actual language of Congress are Denied.

12. Admitted that the Americans With Disabilities Act ("The Act") exists, however, The Act speaks for itself, therefore, any allegations contained in this paragraph which deviate from the actual language of the Act or the actual language of Congress are Denied.

13. Admitted.

14. Denied.

15. Without knowledge as to whether or not Plaintiff visited the Premises; Denied that Plaintiff was denied full and safe equal access to the facilities and Denied that Plaintiff suffered an injury in fact.

16. Denied.

17. Admitted that the referenced guidelines exist, however, the guidelines speak for itself, therefore, any allegations contained in this paragraph which deviate from the actual language of the guidelines are Denied; also, Denied that any such civil penalties should be applied to the ARVILLA MOTEL.

18. Denied.

19. Denied.

20. Denied that the person referred to as an "expert" could be qualified as an expert in this matter, since The Act was designed to be understood by lay people and all of the material facts at issue can easily be understood by lay people; Denied that the person referred to as "expert" made his or her determination *subsequent to the date of "Plaintiff's visit"* (it appears that he or she was at the Premises at the same time when Plaintiff claims to have tried to visit the Premises, *not subsequently*); Without knowledge as to whether or not Plaintiff actually visited the Premises; and Admitted that Plaintiff never made anyone at the ARVILLA MOTEL aware of the alleged violations before he filed a Complaint against the motel.

21. Denied.

22. Denied.

23. Admitted that Plaintiff retained Mr. Sconzo for the filing and prosecution of the action; Denied that he is entitled to recover his attorney fees, costs and expenses in this matter.

24. Denied for reasons including, but not limited to the fact that at least one of the alleged violations concerns property that is not a part of the Premises owned by Plaintiff.

25. The statute speaks for itself, therefore, Denied to the extent that this allegation mis-characterizes or mis-interprets the statute.

26. Denied.

WHEREFORE, Defendant respectfully requests that this honorable Court deny the relief sought by Plaintiff, including Plaintiff's request for an award of his costs and reasonable attorney fees, award the ARVILLA MOTEL its reasonable costs and attorney fees for having had to defend

against an action brought in bad faith which included intentional false allegations, and award any such further relief that this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. <u>Unclean Hands</u>.  The Plaintiff knowingly made false allegations in his Complaint, including, but not limited to, alleging that he was a bona fide patron of the ARVILLA MOTEL, alleging that he would return to the ARVILLA MOTEL to use and enjoy its services in the future if the purported barriers were removed, and alleging that he had a belief that the purported violations would not be corrected without Court intervention.   In the year 2014 alone, Howard Cohan filed at least 529 similar lawsuits against other privately owned places of public accommodation (the exact number is not known at this time, but it is likely much higher than that today) in cities scattered throughout the state of Florida.   In most, if not all of those cases, Mr. Cohan alleged that he was a bona fide patron of the business, and that he would avail himself of the services offered at each one of those businesses in the future if the barriers were removed.   It is not reasonable to think that Mr. Cohan could possibly return to that many businesses as a bona fide patron within any reasonably acceptable period of time.   He also alleged in the Complaint that he believed the ARVILLA MOTEL would not correct ADA violations if he gave them an opportunity to do so before filing a lawsuit against them.   But at the same time, he alleged that ". . . Defendant may not have actual knowledge of said violations until the Complaint make Defendant aware of same."   It is not reasonable to find that Mr. Cohan believed that the Defendant would not make corrections absent him filing a lawsuit when Mr. Cohan had a reason to believe that Defendant was not even aware that the corrections needed to be made.   Filing a Complaint based on known false

statements is unconscionable and done bad faith, and therefore, Mr. Cohan's claims should be dismissed, including but not limited to, his claim for attorney fees and costs.

2. <u>Plaintiff's Claims Are Moot and Therefore, Should Be Dismissed For Lack of Subject Matter Jurisdiction</u>.   Plaintiff is only seeking injunctive relief.   He is seeking the removal of purported architectural barriers.   None of the purported architectural barriers currently exist on the property, and they are not likely to exist on the property in the future.   There is a proper disabled van-accessible parking space, there is a pool lift, and pathways to the pool and the rest of the Premises that are sufficiently wide.   Plaintiff is challenging a pathway near the beach which looks like it is part of the Premises, but it is actually owned by the federal government and the ARVILLA MOTEL has not control over it and is not liable for it.   The parking space, pool lift, and pathways are permanent features of the Premises, and therefore, the purported barriers complained of in the Complaint are not likely to exist at the Premises in the future.   Because none of the challenged barriers currently exist, Plaintiff already has everything to which he would be entitled if he prevailed in a trial on the matter and there is nothing left for a judge or jury to resolve. Therefore, Plaintiff's claims are moot and should be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

3. <u>Not Readily Achievable, In The Alternative</u>.   If the Court does not find that the claim is moot, then, in the alternative, Defendant affirmatively asserts that the modifications requested are not readily achievable and will result in a disproportionate cost for reasons including but not limited to the fact that if the ARVILLA MOTEL pays for renovations of any kind which exceed 20% of the value of the motel, then the structure must be torn down and rebuilt to modern code standards, and the ARVILLA MOTEL has already made renovations which put it too close to the

20% mark to complete all of the modifications being sought by Plaintiff, above and beyond the improvements that have already been made.

4. <u>Effective Accommodations Exist, In The Alternative</u>.  If the Court does not find that the claim is moot, then, in the alternative, Defendant affirmatively asserts that access exists through accommodations which allow disabled persons effective access.  This includes, but is not limited to two electric wheelchairs which are kept next to the front office and which the ARVILLA MOTEL provides to its patrons free of charge.  Both of these electric wheelchairs can access the entire property on the existing, and one of them can even go out to the boardwalk that is adjacent to the beach in front of the motel.

5. <u>Lack of Standing</u>.  Plaintiff's prayer for damages is broad and might be interpreted as if Plaintiff is seeking injunctive relief for the removal of possible barriers that Plaintiff was not aware of prior to filing the Complaint; if Plaintiff is seeking injunctive relief for the removal of purported barriers that he was not aware prior to the filing the Complaint, then Defendant affirmative asserts that Plaintiff has no standing regarding any purported barriers that he was not aware of prior to the filing of the Complaint.

6. <u>Illegality</u>.  The ARVILLA MOTEL has signs posted outside of the door to the front office as well as in front of the swimming pool which state visitors are not allowed on the Premises.  Plaintiff and/or an agent of the Plaintiff trespassed in violation of those posted notices and entered the pool area, the beach access area, and other areas on the Premises, without permission, when neither of them intended to be a patron of the motel.  Therefore, his claims for relief, including but not limited to his claim for costs and attorney fees, should be denied with prejudice as a matter of public policy.

7. <u>Lack of Subject Matter Jurisdiction: No Injury</u>.   Mr. Cohan was not a bona fide patron of the ARVILLA MOTEL, and at the time when he filed the Complaint, he had no intention of ever returning to patronize the motel in the future.   Therefore, his complaint should be dismissed for lack of subject matter jurisdiction because he suffered no injury in fact and will not suffer any injury in the future.

8.   Plaintiff seeks removal of a narrow path near the pool and beach access that is not on the property of the ARVILLA MOTEL; it is owned by the federal government and the ARVILLA MOTEL does not own or control it and is not responsible for it.   If Plaintiff had contacted the ARVILLA MOTEL regarding his concerns, and afforded them a good faith opportunity to resolve his complaints, he would have discovered that fact.

9.   <u>Plaintiff is Not Entitled To Attorney Fees</u>.   Plaintiff's attorney's law firm has previously represented Plaintiff in many similar lawsuits, possibly numbering in the hundreds, and therefore, Plaintiff's attorney knew that the factual contentions regarding Plaintiff's claim that he was a bona fide patron of the ARVILLA MOTEL, and Plaintiff's claim that he would return to the property in the future if the purported barriers were removed, do not have evidentiary support and will not likely have evidentiary support following further investigation or an opportunity for discovery.   Therefore, the Complaint was filed in violation of Federal Rule of Civil Procedure Rule 11(b)(3), and pursuant to Rule 11(C)(3), this honorable Court should find that Plaintiff is not entitled to an award of his costs and attorney fees.   In addition, the Court should find that the ARVILLA MOTEL is entitled to an award of its costs and attorney fees for having had to defend against a lawsuit which contained false allegations and was filed in bad faith.

## DEMAND FOR JURY TRIAL

The ARVILLA MOTEL hereby demands a trial by jury on all issues so triable.

*Sheri L. Freeman-Novoa /slf/*
SHERI L. FREEMAN-NOVOA, ESQUIRE
FBN: 509965
Bayway Law, P.A.
721 1st Ave N.
St. Petersburg, FL   33701
Phone: (727) 471-0673
*sherilfreeman@hotmail.com*
Attorney for Defendant

## CERTIFICATE OF SERVICE

I CERTIFY that on this, the 11th day of November, 2015, the foregoing pleading was filed with the Clerk of Court via the CM/ECF system, and upon information and belief, a copy was sent by the Clerk of Court electronically via the CM/ECF to the following:

Gregory S. Sconzo, Esquire
Kaplan Sconzo & Parker, P.A.
3399 PGA Blvd, Suite 180
Palm Beach Gardens, FL   33410
*gsconzo@ksplaw.com*

*Sheri L. Freeman-Novoa /slf/*
SHERI L. FREEMAN-NOVOA, ESQUIRE