UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOWARD COHAN,

    **Plaintiff,**

v.                              Case No: 8:15-cv-2174-T-27TBM

ARVILLA MOTEL, INC.,

    **Defendant.**
_____/

**ORDER**

**BEFORE THE COURT** are Defendant's Motion to Tax Costs and Reasonable Attorney Fees Pursuant to Rule 54(d) (Dkt. 33, as amended, Dkt. 38) and Plaintiff's response (Dkt. 36). An evidentiary hearing was conducted on the motion. At the conclusion of the hearing, the Court announced its findings of fact and conclusions of law. For the reasons stated on the record, the request for attorney's fees is DENIED.[1]

Plaintiff, an admitted American with Disabilities Act ("ADA") "tester," brought this lawsuit alleging he was denied full and equal access and enjoyment of the Arvilla Motel because of violations of the ADA. After Plaintiff moved to voluntarily dismiss this case, Defendant requested attorney's fees and costs as a sanction for filing the case in bad faith. "[B]efore a court can impose sanctions on an attorney under its inherent powers, it must make a finding of bad faith" which "is at least as high as the threshold of bad faith conduct for sanctions under § 1927." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1251-52 (11th Cir. 2007). Knowingly pursuing a frivolous claim constitutes bad faith. *Peer v. Lewis*, 606 F.3d 1306, 1316 (11th Cir. 2010)). And a claim is frivolous when "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319,

---

[1] Plaintiff previously agreed to pay Defendant's costs. (Dkt. 45).

325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989).

It is undisputed that Plaintiff is disabled. It is likewise undisputed that he was physically on the premises of the Arvilla Motel on October 14 and 15, 2014, accompanied by an expert in the ADA, and observed what he perceived to be violations of the ADA. He provided his attorney with photographs of what he observed and the expert provided counsel with a preliminary report describing the violations. Relying on his client's description of the perceived violations, the photographs provided by his client, the expert's report, and his own investigation of the premises on line, counsel filed this action. The photographs and expert report supported the barriers to access alleged in the Complaint, including the absence of a marked accessible parking spot and pool lift. I therefore find that there was an arguable basis either in law or fact for filing this action, and therefore neither Plaintiff or his counsel pursued this action in bad faith.

Plaintiff's calculated presence on the property, and his asserted intent to return as a "tester," does not disqualify him from having standing or demonstrate bad faith.[2] And while the evidentiary basis for Plaintiff's factual allegations was ultimately disputed, and it may be that Plaintiff was wrong about one or more of the alleged barriers, that does not equate to bad faith. All of that simply goes to the merits of Plaintiff's claims.

In sum, while the "form" Complaint may have been inartfully drafted and Plaintiff may not have ultimately prevailed on the merits of all of his claimed ADA violations, there was a reasonable basis in law and fact to support the allegations in the Complaint and for maintaining the case.

---

[2] A Plaintiff's "status as a tester does not deprive him of standing to maintain his civil action for injunctive relief" under the Americans with Disabilities Act. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1332 (11th Cir. 2013). (""[T]he tester motive behind Houston's past and future visits to the Presidente Supermarket does not preclude his having standing to sue for invasions of his legal rights under §§ 12182(a) and 12182(b)(2)(A)(iv)."). And, there is no "bona fide patron" requirement for a lawsuit for violations of §§ 12182(a) and 12182(b)(2)(A)(iv) of Title III. *Id.* at 1334.

Accordingly, Defendant's Motion to Tax Costs and Reasonable Attorney Fees Pursuant to Rule 54(d) (Dkt. 33, as amended, Dkt. 38) is **DENIED** as to attorney's fees but **GRANTED** as to costs. As a condition to dismissal with prejudice, Plaintiff shall pay Defendant's costs in the amount of $609.00 no later than **January 27, 2017.**

**DONE AND ORDERED** this 18th day of January, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record